UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANTHONY JO-ALLEN McCOY,**

    Plaintiff,

v.                                                          Civil Action No. **3:10CV349**

**K. WILLIAMS,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Anthony Jo-Allen McCoy, a Virginia prisoner proceeding *pro se*, submitted this 42 U.S.C. § 1983 action. The action is proceeding on McCoy's Amended Complaint. McCoy claims that on May 12 and 13, 2010 Defendants[1] violated his rights by using excessive force against his person at Nottoway Correctional Center ("NCC"). Defendants have moved for summary judgment on the ground that McCoy failed to exhaust his administrative remedies prior to initiating the present action. McCoy has responded. For the reasons that follow, the Motion for Summary Judgment will be granted.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[1] McCoy named as Defendants Correctional Officer K. Williams, Assistant Warden Townsend, and Sergeant Gilliam.

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless,"'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The Court need consider only cited materials, but it may consider other materials in the record.").

Here, Defendants contend that McCoy's claims must be dismissed because McCoy failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendants shoulder the burden to plead and prove lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of their motion, Defendants have tendered an affidavit from A. James[2] and a copy of the pertinent Virginia Department of Corrections ("VDOC") regulations pertaining to the grievance system.

---

[2] A. James oversees the grievance system at NCC.

2

McCoy responded by submitting an unsworn statement. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (emphasizing that unsworn argument does not constitute evidence). In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

## II. SUMMARY OF FACTS

### A. VDOC's Grievance Procedure

The VDOC maintains a grievance procedure for resolving inmate complaints. The pertinent VDOC regulations require that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (Defs.' Mem. Supp. Summ. J. Ex. 1 ("James Aff.") Encl. A § 866.1.V.A.) Generally, this requires an inmate to file an informal complaint form. (*Id.* § 866.1.V.A.1.) Upon the submission of an acceptable informal complaint, the receipt portion of the informal complaint (*i.e.*, the last page) is removed and returned to the offender. (*Id.* § 866.1.V.3.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out a standard form. (*Id.* § 866.1.VI.A.2.)

"The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Warden/Superintendent's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a

*Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.2.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

Prior to review of the substance of a formal grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) For example, prison officials will not process grievances where the inmate fails to demonstrate that he has made an good faith effort to informally resolve his complaint by attaching copies of the pertinent information to the grievance. (James Aff. ¶ 3; James Aff. Encl. B. July 27, 2010 Grievance 1–2.) The grievance form directs the inmate to "[a]ttach Informal Complaint or other documentation of informal process." (James Aff. Encl. B. July 27, 2010 Grievance 1.) Prison officials note the reason the grievance was not processed on the grievance form and return the form to the inmate. If an offender disagrees with an intake decision on any grievance, he/she may send the grievance form, within five (5) calendar days of receipt, to the appropriate Regional Ombudsman for a determination. (James Aff. ¶ 8.)

**B.     McCoy's Grievances Filed at NCC**

On July 27, 2010, McCoy submitted a grievance wherein he complained "the Major" had not responded to an informal complaint McCoy had submitted regarding an assault by Sergeant Gilliam. (James Aff. Encl. B. July 27, 2010 Grievance 1.) The grievance was returned to McCoy because he had not used the informal process at the institution to resolve his complaint. (*Id.* at 2.) McCoy was instructed to rewrite the informal complaint. (*Id.* at 2.) The record does not indicate that McCoy did so.

4

On September 16, 2010, McCoy submitted a grievance, directed to the institutional investigator, wherein McCoy asked, "Why won't you respond to my requests regarding my criminal complaint paperwork that I filled out because Sgt. Gilliam assaulted me." (James Aff. Encl. B. Sept. 16, 2010 Grievance 1(capitalization corrected).) Once again the grievance was returned to McCoy because there was no indication that he had used informal procedures available at NCC to resolve his complaint. (*Id.* at 2.)

### III. EXHAUSTION ANALYSIS

The pertinent statute provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Additionally, the Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (*quoting Pozo v. McCaughtry*, 286 F.3d 1022,

1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).[3]

Here, McCoy fails to demonstrate that he complied with the applicable prison rules for properly exhausting his administrative remedies. *Id.* These rules required McCoy first to submit an informal complaint concerning his claims. (James Aff. Encl. A § 866.1.V.A.1.) If McCoy was dissatisfied with the response to his informal complaint or did not receive a timely response to his informal complaint, he could then file a regular grievance. McCoy was required to demonstrate his attempt to informally resolve the issue by attaching either the informal complaint or the receipt for his informal complaint to the grievance form. (James Aff. ¶ 7.) There is no evidence that McCoy complied with this requirement. *See Joyner v. Combs*, No. 7:06-CV-00377, 2007 WL 152105, at *3 (W.D. Va. Jan. 17, 2007) (concluding inmate's grievances, which were returned for insufficient information and failure to utilize the informal process, did not serve to exhaust his administrative remedies for the claims contained therein); *Watts v. O'Brien*, No. 7:06CV00269, 2006 WL 1401489, at *2 (W.D. Va. May 18, 2006). Accordingly, McCoy failed to properly exhaust the administrative remedies for his claims. The Motion for Summary Judgment (Docket No. 23) will be GRANTED.

Although the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice, *see, e.g.*, *Booth*, 532 U.S. at 735, dismissal with prejudice may be appropriate

---

[3] In his Amended Complaint, McCoy suggests that he exhausted his administrative remedies by writing complaints to the warden at his institution. McCoy is wrong. "[T]he lower courts consistently have rejected arguments that an inmate has satisfied § 1997e(a) by raising his claims informally when prison regulations designate the established grievance procedure as the proper method for exhausting claims." *Lee v. Clarke*, 3:11CV135, 2011 WL 3840979, at *4 (E.D. Va. Aug. 29, 2011) (citing cases).

"where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004); *see Van Houten v. Marlett*, 330 F. App'x 161, 162–63 (10th Cir. 2009). That is the case here.[4] Accordingly, McCoy's claims will be DISMISSED WITH PREJUDICE. The action will be DISMISSED.

An appropriate Order shall issue.

Date: 10-28-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[4] McCoy was required to file grievances with respect to the incidents of May 12 and 13, 2010 by June 13, 2010. (James Aff. Encl A § 866.1.VI.A.1.) McCoy does not identify any special circumstances that prevented him from complying with that requirement.